**Ralph PRYOR, Petitioner-Appellant,**

v.

**R.C. MARSHALL, Sup't.,
Respondent-Appellee.**

No. 82–3304.

United States Court of Appeals,
Sixth Circuit.

Submitted on Briefs March 28, 1983.

Decided July 8, 1983.

Rehearing Denied Sept. 16, 1983.

---

Ralph Pryor, pro se.

J. Anthony Logan, Rita S. Eppler, Asst. Attys. Gen., Columbus, Ohio, for respondent-appellee.

Before JONES and WELLFORD, Circuit Judges, and PORTER,* District Judge.

---

* Honorable David S. Porter, United States Senior District Judge for the Southern District of Ohio, sitting by designation.

1. Appellant was credited with filing his notice of appeal on April 16, 1982, the date it was received in the District Court.

**DAVID S. PORTER, District Judge.**

This is an appeal from a judgment denying a petition for a writ of habeas corpus. The District Court for the Northern District of Ohio denied appellant's petition on March 15, 1982. On the same date, the judgment entry was filed and a copy of the entry was mailed to appellant, a prisoner at the Southern Ohio Correctional Facility. Acting *pro se,* appellant prepared a notice of appeal which was received by the District Court on April 16, 1982. The notice of appeal was docketed on April 26, 1982.[1]

On June 7, 1982, this Court entered an Order that appellant show cause why his appeal should not be dismissed for lack of jurisdiction because of a late notice of appeal.[2] The Order also noted that appellant had not filed a request for an extension of time to file a late notice of appeal due to excusable neglect. Appellant filed an "Answer" to the show cause order on June 23, 1982.

Prior to the 1979 Amendments to the Rules of Appellate Procedure, this Court held that a *pro se* litigant should have an opportunity to establish excusable neglect if his notice of appeal, though late, was filed within sufficient time to allow the district court to grant an extension of time upon a showing of excusable neglect. *See Moorer v. Griffin,* 575 F.2d 87, 89–90 (6th Cir.1978). In effect, this permitted a late notice of appeal to serve as a substitute for a motion for extension of time. The present language of Fed.R.App.P. 4(a)(5), however, specifically requires that a motion for an extension of time to file a notice of appeal be filed not later than thirty days after the expiration of the original appeal time prescribed by the Rule.

■ We agree with the majority of the Circuit Courts which have considered this issue that Rule 4(a), as amended, prohibits consideration of excusable neglect or good

2. The thirty day notice of appeal filing period specified by Fed.R.App.P. 4(a) expired on Wednesday, April 14, 1982.

cause where an appellant fails to file a timely motion requesting an extension of time.[3] A late notice of appeal which fails to allege excusable neglect or good cause can no longer serve as a substitute.

In appellant's Answer to our Order of June 7, 1982, he urges that his notice of appeal was mailed in time to be filed in the District Court by the April 14, 1982 deadline, but because of "some clerical mistake" was not stamped filed until April 26, 1982. He states that courts have held "that where the notarization and proof of service indicated that the notice of appeal would have been timely filed ... then the notice of appeal would be considered timely and the appeal allowed." *See Deloney v. Estelle,* 661 F.2d 1061 (5th Cir.1981) and *Aldabe v. Aldabe,* 616 F.2d 1089 (9th Cir.1980). In *Aldabe,* the court held that a notice of appeal is timely filed if it is received by the District Court within the period required by the Fed.R.App.P. 4(a). The *Deloney* court adopted the holding of *Aldabe,* focusing on the fact that notice of appeal was stamped "received" by the District Court within the notice of appeal period. Those decisions do not help appellant in the instant case, because he was credited with filing the notice of appeal on the date it was received. The date on which a notice of appeal is mailed may be considered by the District Court in determining whether there was excusable neglect, but it cannot cure untimely filing of the notice. *Sanchez v. Board of Regents,* 625 F.2d 521 (5th Cir.1980); *See also, In re LBL Sports Center, Inc.,* 684 F.2d 410 (6th Cir.1982) (rejecting a "mailbox" rule, holding that an appeal from a bankruptcy court order must be timely filed).

Appellant also states that the copy of the District Court order dismissing his habeas corpus petition "came to [him] after March 20, 1982, with no filing date noted on the ... order." Fed.R.Civ.P. 77(d) provides, in part, that "[l]ack of notice of the [order or judgment] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." The Notes of the Advisory Committee confirm that the Rule means what it says, and that the "exception" permitted in Rule 4(a) is the excusable neglect provision of Rule 4(a)(5). Thus, the District Court may consider a claim that the clerk did not send notice pursuant to a timely motion for extension alleging excusable neglect. *See* 16 Wright and Miller, § 3950, p. 366, n. 12. If failure to *receive* a copy of the judgment does not relieve a party from failure to appeal within the period allowed, *a fortiori* the lack of a date on an order which *is* received by appellant in due course does not cure his failure to file a timely notice of appeal.

Appellant did not file a timely motion for extension of time under the provisions of Fed.R.App.P. 4(a)(5). We must therefore dismiss his appeal for lack of jurisdiction and we do not reach the merits.[4]

---

3. *See Mayfield v. United States Parole Commission,* 647 F.2d 1053 (10th Cir.1981); *Pettibone v. Cupp,* 666 F.2d 333 (9th Cir.1981); *Wyzik v. Employee Benefit Plan of Crane Co.,* 663 F.2d 348 (1st Cir.1981); *Brooks v. Britton,* 669 F.2d 665 (11th Cir.1982); *Sanchez v. Board of Regents of Texas Southern University,* 625 F.2d 521 (5th Cir.1980) (holding given prospective application only). *See also Shah v. Hutto,* 704 F.2d 717 (4th Cir.1983) (Hall, J., dissenting).

4. As the court did in *Mayfield v. United States Parole Comm.,* 647 F.2d 1053, 1055 n. 5 (10th Cir.1981), we note that the district court has no *duty* to search the record to ascertain whether notice is untimely. Nevertheless, it is suggested that " 'it would be most helpful if the district court would advise a would-be appellant, and particularly one who is pro se, that his notice of appeal is untimely, thereby putting him on notice that some immediate action is yet required to secure appellate jurisdiction'," *quoting United States v. Lucas,* 597 F.2d 243, 245 (10th Cir.1979).