767 F.2d 920
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT HEALY, PLAINTIFF-APPELLANT, CROSS-APPELLEE,
v.
INTERNATIONAL UNITED AUTOMOBILE AEROSPACE AND AGRICULTURAL
IMPLEMENT WORKERS UNION OF AMERICA, UAW, LOCAL 51; GEORGE
CHERRY, REP; WHIP BEAN, PRES.; AND CHRYSLER CORPORATION,
JOINTLY AND SEVERALLY,DEFENDANTS-APPELLEES,
CHRSYLER CORPORATION, DEFENDANT-APPELLEE, CROSS-APPELLANT.
 NOS. 85-1021, 85-1035
 United States Court of Appeals, Sixth Circuit.
 6/12/85
 
 E.D.Mich.
 APPEAL DISMISSED
 ORDER
 BEFORE: KENNEDY, CONTIE, and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of the motion to dismiss appeal number 85-1021, the responses of the appellant and cross-appellant to this Court's show cause order in appeal numbers 85-1021 and 85-1035, and the reply in appeal number 85-1021 to the response to the show cause order.
 
 
 2
 It appears from the record that the final order was entered November 8, 1984. The notice of appeal filed on December 21, 1984, by Healy and docketed as appeal number 85-1021 was 11 days late. Rules 4(a)(1) and 26(a), Federal Rules of Appellate Procedure.
 
 
 3
 Rule 4(a)(5), Federal Rules of Appellate Procedure, limits the time during which a motion for extension of time may be filed. A motion for extension of time must be filed within 30 days after the expiration of the appeals period. A late notice of appeal filed within the 30 day extension period cannot serve as a substitute for a motion for extension of time if the document fails to allege excusable neglect or good cause. Pryor v. Marshall, 711 F.2d 63 (6th Cir. 1983). The extension period expired on January 9, 1985, but no extension of time was sought or granted within the period prescribed by Rule 4(a)(5), Federal Rules of Appellate Procedure.
 
 
 4
 It further appears from the record that Chrysler filed a notice of appeal on January 4, 1985, which was 14 days after Healy's notice of appeal was filed. The January 4, 1985, notice of appeal was docketed as appeal number 85-1035. Chrysler's notice of appeal was not filed within the 30 day appeals period provided by Rule 4(a)(1), Federal Rules of Appellate Procedure. Rule 4(a)(3), Federal Rules of Appellate Procedure, is not applicable because a timely notice of appeal was not filed by any party in the district court. Chrysler's notice of appeal docketed as appeal number 85-1035 was filed 25 days late. Rule 4(a) and 26(a), Federal Rules of Appellate Procedure.
 
 
 5
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this Court can neither waive nor extend. Peake v. First Nat. Bank and Trust Co. of Marquette, 717 F.2d 1016 (6th Cir. 1983). Rule 26(b), Federal Rules of Appellate Procedure, specifically provides that this Court cannot enlarge the time for filing a notice of appeal.
 
 
 6
 It is ORDERED that the motion to dismiss appeal number 85-1021 be granted and the appeal be and hereby is dismissed. Rule 8, Rules of the Sixth Circuit.
 
 
 7
 It is further ORDERED that appeal number 85-1035 be and it hereby is dismissed for lack of jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit.