779 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
VIRGIL BALDWIN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-1667
 United States Court of Appeals, Sixth Circuit.
 10/25/85
 
 APPEAL DISMISSED
 E.D.Mich.
 ORDER
 BEFORE: ENGEL, KEITH and KRUPANSKY, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of the appellant's response to this Court's show cause order.
 
 
 2
 It appears from the record that the judgment was entered October 4, 1982. The notice of appeal filed on August 15, 1985, was more than 2 1/2 years late. Rules 4(a) and 26(a), Federal Rules of Appellate Procedure.
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this Court can neither waive nor extend. Peake v. First Nat. Bank and Trust Co. of Marquette, 717 F.2d 1016 (6th Cir. 1983). Rule 26(b), Federal Rules of Appellate Procedure, specifically provides that this Court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 Appellant's response to this Court's show cause order requests that the rules be suspended and this Court retain jurisdiction or that the case be remanded to the district court so that he may request an extension of time for the appeal. Counsel states that after the Magistrate's report and recommendation was entered on September 9, 1982, a stipulation for extension of time to file the objections to the report was entered into and that objections were filed on October 13, 1982. However, a review of the district court docket sheet and the record do not indicate that such a stipulation or objections were filed. Counsel also alleges that he made several oral inquiries as to the status of the case but that he did not receive a copy of the judgment entered October 4, 1982, until July 3, 1985. Because there allegedly was almost a three year delay in receipt of the judgment, counsel asks that the rules be suspended and this Court accept jurisdiction, or that the case be remanded so that he may seek an extension of time for the appeal. However, the time for filing a notice of appeal is computed from entry of judgment, not receipt. In addition, since no motion was filed within thirty days after the expiration of the appeals period, the district court is precluded by Rule 4(a)(5), Federal Rules of Appellate Procedure, from granting an extension of time. Pryor v. Marshall, 711 F.2d 63 (6th Cir. 1983).
 
 
 5
 Accordingly, it is ORDERED that the appeal be and it hereby is dismissed for lack of jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit.