780 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
JOHN HENRY WOODEN, Plaintiff-Appellant,
v.
JOHN DRAPER, DAVIDSON COUNTY CRIMINAL COURT JUDGE ET AL.,
Defendants-Appellees.
 85-5901
 United States Court of Appeals, Sixth Circuit.
 11/15/85
 
 APPEAL DISMISSED
 M.D.Tenn.
 ORDER
 BEFORE: MERRITT, MARTIN and WELLFORD, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of appellant's response to this Court's October 23, 1985 order to show cause why the appeal should not be dismissed because of a late filed notice of appeal.
 
 
 2
 It appears from the record that final judgment was entered on August 30, 1985 and that the notice of appeal filed on Tuesday, October 1, 1985, one day late (the 30th day was Sunday, September 29, so it was due to be filed by Monday, September 30). Rules 4(a) and 26(a), Federal Rules of Appellate Procedure. Appellant in his response states that he placed his notice of appeal in the institutional mail system for delivery to the post office, four days before it was due. The envelope containing the notice of appeal is postmarked September 30. Mailing of a notice of appeal does not constitute filing. Pryor v. Marshall, 711 F.2d 63 (6th Cir. 1983).
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(a) is a mandatory and jurisdictional prerequisite which this Court can neither waive nor extend. Peake v. First Nat. Bank and Trust Co. of Marquette, 717 F.2d 1016 (6th Cir. 1983). Rule 26(b) specifically provides that this Court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 It is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit.