791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EARLENE HATFIELD, Plaintiff-Appellant
v.
FRED T. MOORE, M.D., Defendant-Appellee.
 86-5018
 United States Court of Appeals, Sixth Circuit.
 4/21/86
 
 APPEAL DISMISSED
 E.D.Ky.
 ORDER
 BEFORE: MERRITT, JONES and KRUPANSKY, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of the appellant's response to this Court's show cause order.
 
 
 2
 It appears from the record that the final decision of the district court was entered August 5, 1985. A motion to vacate or set aside the dismissal was served on August 5, 1985. A motion filed within ten days after entry of judgment is properly construed as a Rule 59(e), Federal Rules of Civil Procedure, motion. Cosgrove v. Smith, 697 F.2d 1125 (D.C. Cir. 1983); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37 (2nd Cir. 1982); Miller v. Leavenworth-Jefferson Electric Co-op., 653 F.2d 1378 (10th Cir. 1981); Dove v. Codesco, 569 F.2d 807 (4th Cir. 1978). The motion to vacate tolled the appeals period. Rule 4(a)(4), Federal Rules of Appellate Procedure. The motion to vacate was denied on August 16, 1985, and appellant sought reconsideration of that order. This successive motion did not toll the appeals period. Reed v. Toledo Area Affirmative Action Program, 715 F.2d 253 (6th Cir. 1983). Reconsideration was denied on October 8, 1985. The notice of appeal filed December 26, 1985, was 101 days late. Rules 4(a) and 26(a), Federal Rules of Appellate Procedure. The failure to receive a copy of the district court's decision does not relieve a party from failure to appeal within the appeals period Pryor v. Marshall, 711 F.2d 63 (6th Cir. 1983).
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this Court can neither waive nor extend. Peake v. First Nat. Bank and Trust Co. of Marquette, 717 F.2d 1016 (6th Cir. 1983). Rule 26(b), Federal Rules of Appellate Procedure, specifically provides that this Court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 Accordingly, it is ORDERED that the appeal be and it hereby is dismissed for lack of jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit.