805 F.2d 1033
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leo BERNING; Eleanor Berning, Plaintiffs-Appellants,
v.
Roland THOBE; Shirley Thobe; Paul Bruey; Marjorie Bruey;
Earl Heitkamp; Maria Heitkamp; Jack Delmar; Rosemary
Brandewie; Alga Bruey; Bernadine Bruey; Henry Leugers;
Lillian Leugers; Louis Alexander; Lucila Alexander;
Robert Simon; Mary Simon; Jon and Jane Doe (1-100),
Defendants-Appellees.
 No. 86-3681.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1986.
 
 Before WELLFORD, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of appellant's response to this Court's order of August 4, 1986, directing them to show cause as to why their appeal should not be dismissed as untimely filed.
 
 
 2
 On March 31, 1986, the district court entered a judgment dismissing appellants' complaint. Appellants thereafter served and filed a "Declaration of No Standing Under the Law" on April 14, 1986, which the district court construed as a timely motion for reconsideration under Rule 59(e), Federal Rules of Civil Procedure. Pursuant to Rule 4(a)(4), Federal Rules of Appellate Procedure, the running of the 30 day time period during which appellants were required to file a notice of appeal from the district court's judgment dismissing their complaint was tolled pending the disposition of the motion for reconsideration. The district court denied that motion on April 26, 1986, thereby allowing appellants 30 days after that date to file a notice of appeal. Rule 4(a)(4), Federal Rules of Appellate Procedure. Appellants, however, did not file a notice of appeal until July 15, 1986, 49 days after the expiration of the period for taking such an action. Furthermore, appellants did not seek an extension of time in which to file a notice of appeal as authorized in Rule 4(a)(5), Federal Rules of Appellate Procedure. Pryor v. Marshall, 711 F.2d 63 (6th Cir.1983).
 
 
 3
 Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory jurisdictional requirement which this Court can neither waive nor enlarge. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir.1983). Rule 26(b), Federal Rules of Appellate Procedure, specifically provides that this Court cannot enlarge the time in which the notice of appeal is required to be filed. Consequently, appellants' failure to file a timely notice of appeal from the district court's judgment of April 26, 1986, which denied their motion for reconsideration under Rule 59(e), Federal Rules of Civil Procedure, deprives this Court of jurisdiction over the appeal.
 
 
 4
 Therefore, it is ORDERED that the appeal be and hereby is dismissed as untimely pursuant to Rule 4(a), Federal Rules of Appellate Procedure.