805 F.2d 1037
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie WHITMORE, Plaintiff-Appellant,
v.
Martha Layne COLLINS, et al., Defendants-Appellees.
 No. 86-5743.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1986.
 
 Before ENGEL, KRUPANSKY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court on the motion to dismiss the appeal filed by the appellees represented by counsel for the Kentucky Corrections Cabinet. The motion to dismiss is opposed by the appellant pro se based on the fact that he gave his notice of appeal to the corrections officer to be mailed on June 12, 1986, which represented the day the notice of appeal was due to be filed.
 
 
 2
 On November 7, 1985, the U.S. District Court entered an order dismissing one of the parties to the appellant's complaint, namely Kentucky Governor Martha Layne Collins, individually and in her capacity as Governor. On January 6, 1986, the United States District Court granted former Commonwealth Attorney A. Dale Bryant's motion for judgment on the pleadings and dismissed the action as to defendant A. Dale Bryant. Finally, in a judgment entered in the record on May 13, 1986, the U.S. District Court dismissed the remainder of the appellant's complaint. By means of a notice of appeal filed June 16, 1986 in the District Court, the appellant sought to take appeal from this judgment. Accordingly, the notice of appeal was filed four (4) days too late. Rule 4(a)(1), Federal Rules of Appellate Procedure. Furthermore, appellant did not file or serve any motions in the district court which would have tolled the time for filing a notice of appeal from that judgment. Rule 4(a)(4), Federal Rules of Appellate Procedure. Nor did he properly seek an extension of time in which to file a notice of appeal from the district court pursuant to Rule 4(a)(5), Federal Rules of Appellate Procedure. Pryor v. Marshall, 711 F.2d 63 (6th Cir.1983).
 
 
 3
 The fact that appellant allegedly mailed his notice of appeal on June 12, 1986 for filing is of no consequence since "the date on which a notice of appeal is mailed may be considered by the District Court in determining whether there was excusable neglect, but it cannot cure untimely filing of the notice." See Pryor v. Marshall, at 65.
 
 
 4
 The thirty (30) day rule as expressed in the Federal Rules of Appellate Procedure 4(a)(1) is mandatory and jurisdictional and may not be extended for substantial compliance or otherwise. Since appellant failed to timely file a notice of appeal from the judgment entered May 13, 1986, this Court is deprived of jurisdiction over this appeal.
 
 
 5
 It is ORDERED that the motion to dismiss be and hereby is granted and the appeal dismissed.