811 F.2d 605
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy Wade HALL, Plaintiff-Appellant,
v.
TENNESSEE DEPARTMENT OF CORRECTIONS MAIN HOSPITAL; Dave
Seahorne (Pa's); Fred Takacs; and Dr. Nesbitt,
Defendants-Appellees.
 No. 86-5856.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1986.
 
 Before ENGEL, KRUPANSKY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of the appellant's response to this Court's order directing appellant to show cause why his appeal should not be dismissed for lack of jurisdiction.
 
 
 2
 It appears from the record that the final order was entered April 18, 1986. The notice of appeal filed on August 1, 1986, was 74 days late. Rules 4(a) and 26(a), Federal Rules of Appellate Procedure.
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this Court can neither waive nor extend. Peake v. First National Bank & Trust Co., 717 F.2d 1016 (6th Cir.1983). Rule 26(b), Federal Rules of Appellate Procedure, specifically provides that this Court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 A review of the record also reflects that on May 27, 1986, the district court filed a letter from the appellant in which he acknowledged receipt of the decision, advised that there was a delay in receiving the decision due to his transfer to a hospital unit, and requested the address of the Court of Appeals and the entire record. That document evinces an intent to appeal, in a vague manner complies with the content requirements of a notice of appeal and thus can be construed as a notice of appeal. Rule 3(c), Federal Rules of Appellate Procedure. The document also alleges excusable neglect and can be treated as a motion for extension of time for filing the appeal. Pryor v. Marshall, 711 F.2d 63 (6th Cir.1983).
 
 
 5
 It is ORDERED that appeal number 86-5856 docketed from the notice of appeal filed August 1, 1986, be and hereby is dismissed for lack of jurisdiction.
 
 
 6
 It is further ORDERED that the district court correct its records and construe the letter filed May 27, 1986, as a notice of appeal and motion for extension of time. Rule 10(e), Federal Rules of Appellate Procedure.