826 F.2d 1065
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas Charles TABORELLI, Plaintiff-Appellant,
v.
Robert BROWN, Robert F. Bort, Tex Marchal, Eugenia Skobrak,
Defendants-Appellees.
 No. 87-1404
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1987.
 ORDER
 
 1
 Before LIVELY, Chief Judge, KEITH, Circuit Judge, and DOWD, District Judge.*
 
 
 2
 This matter is before the court upon consideration of the appellant's response to this court's order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction because of a late notice of appeal. Appellant states that his notice of appeal was late because he did not have postage for the notice of appeal at the time he received the decision in late January, and had to wait until he was given the allotment of stamps supplied to indigent inmates between the first and twentieth of every month. The stamps were received in late February. The notice of appeal dated February 26, 1987, was returned by the district court to him on March 11, 1987, because it was not signed. He had to wait for his April allotment of stamps to return his notice of appeal to the district court.
 
 
 3
 It appears from the record that the judgment was entered January 16, 1987. The notice of appeal was due to be filed within 30 days after entry of the judgment. The thirtieth day fell on Sunday, February 15, and Monday, February 16, was the holiday of Washington's Birthday. The notice of appeal was due to be filed on or before February 17, 1987; therefore, the notice of appeal filed April 16, 1987, was 58 days late. Rules 4(a) and 26(a), Federal Rules of Civil Procedure. The notice of appeal dated February 26, 1987, which was returned by the district court on March 11, 1987, was not received by the district court within the appeals period.
 
 
 4
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir. 1983). The time for filing a notice of appeal begins to run from the date of entry of the judgment, not its receipt. Pryor v. Marshall, 711 F.2d 63 (6th Cir. 1983). No extension of time for filing a notice of appeal was sought from the district court as provided by Rule 4(a)(5), Federal Rules of Appellate Procedure. Rule 26(b), Federal Rules of Appellate Procedure, specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 5
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation