830 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John PEROTTI #167-712, Plaintiff-Appellant,
v.
Richard SEITER; R. C. Marshall; Thomas Stickrath,
Defendants-Appellees.
 No. 87-3559
 United States Court of Appeals, Sixth Circuit.
 August 26, 1987.
 ORDER
 
 1
 Before RALPH B. GUY, Jr., and BOGGS, Circuit Judges, and SUHRHEINRICH, District Judge.*
 
 
 2
 This matter is before the court upon consideration of the appellant's response to this court's order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction. The appellees have replied stating that the notice of appeal was placed in the institution's mailroom on June 7 rather than June 5 as alleged by the appellant.
 
 
 3
 The judgment of the district court was entered May 6, 1987. The certified record contains a notice of appeal filed June 10, 1987, and the district court docket sheet also reflects that the notice of appeal was filed that date. A notice of appeal from the May 6 decision was due to be filed on or before June 5, 1987, and the June 10 notice of appeal was five days late. Rules 4(a) and 26(a), Federal Rules of Appellate Procedure.
 
 
 4
 Appellant's response to this court's order states that he diligently handled his case. Although appellant allegedly placed the notice of appeal in the institution's mailroom the evening before the last day for filing his notice of appeal, the date of mailing does not constitute filing and cannot cure the untimely filing of a notice of appeal. Pryor v. Marshall, 711 F.2d 63 (6th Cir. 1983). Appellant also alleges that his notice of appeal was not filed on June 10, 1987, as reflected in the documents transmitted by the district court to this court, but was filed on June 9, 1987. He has attached a copy of a notice of appeal reflecting the June 9 file date. Whether the notice of appeal was filed on June 9 or June 10, the document was filed outside the appeals period and this court lacks jurisdiction.
 
 
 5
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir. 1983). Rule 26(b), Federal Rules of Appellate Procedure, specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 6
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 7
 It is further ORDERED that the district court correct its records, if appropriate, pursuant to Rule 10(e), Federal Rules of Appellate Procedure. The district court should make a determination of whether June 9 or June 10 is the file date of the notice of appeal. The clerk of this court is directed to transmit to the district court a copy of the notice of appeal filed June 9 which was attached to the appellant's response to this court's show cause order.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation