829 F.2d 1125
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Royce CRIM, Petitioner-Appellant,
v.
Arthur TATE, Supt., Respondent-Appellee.
 Nos. 86-4027, 87-3381
 United States Court of Appeals, Sixth Circuit.
 September 22, 1987.
 
 ORDER
 Before MERRITT, KRUPANSKY and DAVID A. NELSON, Circuit Judges.
 
 
 1
 This matter is before the court upon consideration of the appellant's response and amended response to this court's order directing him to show cause why appeal number 87-3381 should not be dismissed for lack of jurisdiction because of a late filed notice of appeal. Appellant has also filed in appeal number 86-4027 a motion for certificate of probable cause and for stay of state court proceedings, and motions regarding custody.
 
 
 2
 The notice of appeal filed November 7, 1986 (appeal number 86-4027) was not taken from an order but was filed as a result of the district court's failure to rule on a motion for stay and motion for default judgment. No final judgment or appealable order was entered at the time the November 7, 1986, notice of appeal was filed. See Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949); Catlin v. United States, 324 U.S. 229 (1945). This court lacks jurisdiction in appeal number 86-4027.
 
 
 3
 This court also lacks jurisdiction in appeal number 87-3381. The February 23, 1987, notice of appeal (appeal number 87-3381) was taken from the judgment entered January 20, 1987. The Rule 59(e), Federal Rules of Civil Procedure, motion for reconsideration served on February 18, 1987, was not served within the ten-day period as computed by Rule 6(a), Federal Rules of Civil Procedure, and failed to toll the appeals period. Rule 4(a)(5), Federal Rules of Appellate Procedure. The notice of appeal filed on February 23, 1987, was four days late. Rules 4(a) and 26(a), Federal Rules of Appellate Procedure. Reconsideration was denied on February 26, 1987.
 
 
 4
 Appellant states numerous reasons why appeal number 87-3381 was filed late. He states that he was confused because the district court failed to dismiss his premature appeal number 86-4027 when the final judgment was entered. Because a briefing schedule was established in 86-4027, he believed there was no need to file a second notice of appeal. Appellant was without money for postage during the appeals period and had to rely on another inmate to pay the postage. He also states that he was not aware of the need to file a second notice of appeal until a fellow inmate advised him on February 16, 1987, and that the notice of appeal was placed in the institution's mailroom on February 17.
 
 
 5
 The arguments presented by the appellant do not give this court jurisdiction over appeal number 87-3381. The notice of appeal which appellant alleges he mailed on February 17, 1987, contains a certificate of service and notary stamp dated February 18, 1987. Although appellant states numerous reasons why his notice of appeal was not filed within the period provided by Rule 4(a), Federal Rules of Appellate Procedure, he failed to seek an extension of time for filing the notice of appeal within the time period prescribed by Rule 4(a)(5), Federal Rules of Appellate Procedure.
 
 
 6
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir. 1983). Rule 26(b), Federal Rules of Appellate Procedure, specifically provides that this court cannot enlarge the time for filing a notice of appeal. Although the date on which the notice of appeal was mailed may be considered by a district court when ruling on a motion for extension of time, it does not cure the untimely filing of a notice of appeal, nor can the notice of appeal serve as a substitute for a motion extension of time if it fails to allege excusable neglect. Pryor v. Marshall, 711 F.2d 63 (6th Cir. 1983).
 
 
 7
 It is ORDERED that the appeals be dismissed for lack of jurisdiction and the appellant's motions be denied. Rule 9(b)(1), Rules of the Sixth Circuit.