838 F.2d 470
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wesley Alan HENDERSON, Plaintiff-Appellant,
v.
Judy GARDA, Larry Chandler, and James Sweatt, Defendants-Appellees.
 No. 87-6110.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1988.
 
 Before BOYCE F. MARTIN, Jr., RALPH B. GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellant's response to this court's October 23, 1987, order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction. Appellant states that he received the August 28, 1987, decision on September 1, 1987; that he gave his notice of appeal to prison officials on September 25, 1987; that Fed.R.App.P. 26(c) provides for an additional three days to be added to the appeals period; and that his failure to request an extension of time for filing the notice of appeal constituted excusable neglect.
 
 
 2
 It appears from the record that the final order was entered August 28, 1987. The notice of appeal filed on September 30, 1987, was 2 days late. Fed.R.App.P. 4(a) and 26(a).
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. McMillan v. Barksdale, 823 F.2d 981 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir.1983).
 
 
 4
 The arguments presented by the appellant for this court to accept jurisdiction are not well taken. Neither the date of receipt of the decision nor the date of mailing the notice of appeal cures the untimely filing of a notice of appeal. Pryor v. Marshall, 711 F.2d 63 (6th Cir.1983). Fed.R.App.P. 26(c) does not add 3 days to a prescribed appeals period specified in Fed.R.App.P. 4(a)(1) because the appeals period runs from the entry of the judgment, not from the service of the judgment. Sofarelli Assocs. v. United States, 716 F.2d 1395 (Fed.Cir.1983); Welsh v. Elevating Boats, Inc., 698 F.2d 230 (5th Cir.1983). A notice of appeal which fails to allege excusable neglect or good cause cannot be treated as a motion for extension of time. Pryor v. Marshall, 711 F.2d 63 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 5
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.