850 F.2d 692
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy Ray COFFELT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-5323.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1988.
 
 Before KRUPANSKY and BOGGS, Circuit Judges and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendant Coffelt appeals pro se from an order finding him in contempt as a recalcitrant witness, under 28 U.S.C. Sec. 1826, for refusing to testify before a grand jury. This appeal has received expedited consideration under 28 U.S.C. Sec. 1826(b). For the reasons stated below, we remand this matter to the district court for further proceedings.
 
 
 2
 Defendant Coffelt entered a conditional plea of guilty to conspiracy to manufacture, distribute and possess with intent to distribute amphetamine, a Schedule II controlled substance, and attempting to manufacture amphetamine, in violation of 21 U.S.C. Secs. 846 and 841(a)(1). He and two co-defendants reserved the right to appeal issues decided adversely to them in their motion to suppress. During the plea negotiations, Coffelt says, the government made two offers: the government would make a sentence recommendation of fifteen years in exchange for his cooperation in certain on-going investigations, or the government would make a sentence recommendation of twenty years if he refused to cooperate. Coffelt rejected the first offer, entered a plea, and the government made the higher sentence recommendation. The district court sentenced Coffelt to 20 years in prison, followed by a special parole term of three years. On October 5, 1987, this Court affirmed the district court order denying the motion to suppress. United States v. Ward, 813 F.2d 298 (6th Cir.1987) (per curiam).
 
 
 3
 In December of 1987, Coffelt was brought in front of a grand jury where he refused to testify. The United States Attorney for the Eastern District of Tennessee applied for an order pursuant to 18 U.S.C. Sec. 6002 compelling Coffelt's testimony under a grant of immunity from prosecution. On January 12, 1988, an immunity order was entered. Coffelt was brought before the grand jury a second time where he again refused to testify. Following an order to show cause, the district court held a hearing on January 13, 1988 at which Coffelt, through his trial counsel, argued that the plea agreement barred the government from attempting to force him to testify. The district court rejected this argument and adjudged Coffelt in contempt, sentenced him to prison under 28 U.S.C. Sec. 1826, and ordered that his prison sentence be stayed until after he testified or the contempt sentence expired by operation of law.
 
 
 4
 On March 25, 1988, Coffelt appealed. Although his appeal was filed outside the time allowed by Fed.R.App.P. 4(a)(1), he urged the district court to accept the notice of appeal as timely filed because of "excusable neglect." He avers that he did not have assistance of counsel after January 12, 1988 and he was unaware of his right to appeal. In a civil case, the district court may extend the time for filing a notice of appeal upon motion filed not later than thirty days after the expiration of the original appeal time. Fed.R.App.P. 4(a)(5). A late notice of appeal which contains an allegation of excusable neglect can serve as a motion for an extension of time. See Pryor v. Marshall, 711 F.2d 63, 64-65 (6th Cir.1983). However, before the district court can extend the time for filing a notice of appeal, it must determine whether an untimely notice was the product of excusable neglect. In this case, such a finding has not been made.
 
 
 5
 Accordingly, the Court remands this matter to the district court for consideration of the jurisdictional issue, specifically whether this is a case of excusable neglect and if so, whether Coffelt's time for filing a notice of appeal should be extended for a period not to exceed thirty days from the expiration of the original appeal time or ten days from the date of entry of the order granting the motion, whichever occurs later. See Fed.R.App.P. 4(a)(5).
 
 
 6
 It is so ORDERED.