860 F.2d 1078
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank A. FLOWERS a/k/a Yusuf A. Rashid, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION; UAW; John Paul Simpkins;
Ernest Jarrett, Defendants-Appellees.
 Nos. 88-1337, 88-1351.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1988.
 
 Before: JONES and NORRIS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motion to dismiss, the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1986, plaintiff filed a complaint alleging that he was improperly discharged from his job because of national origin and religious beliefs. The district court dismissed the action by judgment entered April 1, 1987. A motion for reconsideration was served on April 16, 1987, and denied by order entered June 26, 1987. Plaintiff's July 17, 1987, notice of appeal (appeal number 87-1689) was dismissed by this court on December 28, 1987, on the basis that the motion for reconsideration was served late which failed to toll the appeals period and resulted in the notice of appeal being filed 77 days late. See Fed.R.App.P. 4(a)(4) and Fed.R.Civ.P. 59(e). Plaintiff filed in the district court on January 19, 1988, a motion for extension of time to file the notice of appeal. The district court denied the motion by order entered March 8, 1988. Plaintiff filed two appeals--one from the March 8 order (appeal number 88-1337) and another from the March 8 order and the April 1, 1987, judgment (appeal number 88-1351).
 
 
 3
 This court has jurisdiction to consider the merits of the appeals from the March 8, 1988, order. An order denying a Fed.R.App.P. 4(a)(5) motion for extension of time is appealable. Diamond v. United States Dist. Court, 661 F.2d 1198 (9th Cir.1981); In re Orbitec Corp., 520 F.2d 358, 360 (2d Cir.1975). If the motion is treated as having been brought under Fed.R.Civ.P. 60(b), this court has jurisdiction to review the ruling to determine if the district court abused its discretion. See Zurich Ins. Co. v. Wheeler, 838 F.2d 338, 340 (9th Cir.1988); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir.1983) (en banc).
 
 
 4
 Normally, an extension of time must be sought within 30 days after the expiration of the appeal period. Fed.R.App.P. 4(a)(5); see Kennedy v. City of Cleveland, 797 F.2d 297, 301 (6th Cir.1986), cert. denied, 107 S.Ct. 134 (1987); Pryor v. Marshall, 711 F.2d 63, 64-65 (6th Cir.1983). In this case, the appeal period expired on May 1, 1987, and the extension period on June 1, 1987. Because the district court did not have authority to grant the Fed.R.App.P. 4(a)(5) motion for extension of time filed on January 19, 1988, it did not abuse its discretion in denying the motion.
 
 
 5
 In his brief on appeal, plaintiff refers to his motion for extension of time as a Fed.R.Civ.P. 60(b) motion. Such motions normally cannot be used to relax the appeals period and extend the period outside that prescribe by Fed.R.App.P. 4(a)(5). McGarr v. United States, 736 F.2d 912, 918 (3d Cir.1984). Some courts have utilized Fed.R.Civ.P. 60(b) to extend the appeals period to avoid manifest injustice. The district court when considering such relief should consider factors such as lack of notice of entry of the district court's order, lack of prejudice to the opposing parties, diligence of the appellant, court or clerk errors and any other circumstances which contributed to the late appeal. Zurich Ins. Co., 838 F.2d at 340; Burkett v. Cunningham, 826 F.2d 1208, 1217 (3d Cir.1987); Hall v. Community Mental Health Center, 772 F.2d 42, 45 (3d Cir.1985); Rodgers, 722 F.2d at 460.
 
 
 6
 The district court did not abuse its discretion in denying the Rule 60(b) motion. Plaintiff received the district court's decision 17 days before the expiration of the appeal period. The district court was under no duty to notify him that his motion to reconsider was outside the 10 day service period prescribed by Fed.R.Civ.P. 59(e) or that it failed to toll the Fed.R.App.P. 4(a) appeal period. See Pryor, 711 F.2d at 65 n. 4.
 
 
 7
 It is ORDERED that the motion to dismiss be denied and the March 8, 1988, order denying an extension of time be affirmed. Rule 9(b)(5), Rules of the Sixth Circuit. The March 30, 1988, notice of appeal docketed as 88-1351 seeks, in part, to appeal the judgment entered April 1, 1987. This court lacks jurisdiction to review that judgment because the notice of appeal was filed 10 months outside the appeal period provided by Fed.R.App.P. 4(a).