891 F.2d 289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. BELL BEY, Plaintiff-Appellant,
Hasten Freeny El; Andre L. Huges, and all others similarly
situated, Plaintiffs,
v.
Mychenl Dianne EVANS; Pete Vider; Ray Palmer; Donald
Mason; Beverly Williams; Janna Erridge,
Defendants-Appellees.
 Nos. 89-2105, 89-2248.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1989.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellant's response to this court's October 17, 1989, order in appeal no. 89-2105 directing him to show cause why his appeal should not be dismissed for lack of jurisdiction because of a late notice of appeal. Appellant states that his case file became disarrayed while he was in punitive detention, that stress gave him a memory lapse and that he did not know that an extension of time was required from the district court for filing the notice of appeal.
 
 
 2
 It appears from the documents before the court that the order denying an injunction was entered August 16, 1989. The notice of appeal filed on September 21, 1989, was six days late (appeal no. 89-2105). Fed.R.App.P. 4(a) and 26(a). On September 28, 1989, a second notice of appeal was filed (appeal no. 89-2248). The September 28, 1989, notice of appeal was thirteen days late. Fed.R.App.P. 4(a) and 26(a). The September 28, 1989, notice of appeal contained an affidavit stating that the delay in filing of his notice of appeal was due to his transfer to detention and his legal papers being mixed up as a result of the transfer. A late notice of appeal alleging excusable neglect or good cause may substitute for a motion for extension of time. Pryor v. Marshall, 711 F.2d 63, 65 (6th Cir.1983).
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 Accordingly, it is ORDERED that appeal no. 89-2105 be, and it hereby is, dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit. Appeal no. 89-2248 be, and it hereby is, remanded to the district court for consideration of the motion for extension of time contained in the September 28, 1989, notice of appeal.