924 F.2d 1057
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles E. BOUSSUM, Plaintiff-Appellant,
v.
Arthur TATE, Jr., Supt., Michael Lansing, Peternal,
Children's, Services, Defendants-Appellees.
 No. 90-3700.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1991.
 
 S.D.Ohio, No. 89-00564; Graham, J.
 S.D.Ohio
 DISMISSED.
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellant's response to this court's November 14, 1990, order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction. Appellant asks that this court accept jurisdiction because he would have complied with the notice of appeal filing period if he had been aware of such time period.
 
 
 2
 It appears from the record that the judgment was entered June 12, 1990. The notice of appeal filed on July 26, 1990, was fourteen days late. Fed.R.App.P. 4(a) and 26(a).
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal. Although Pryor v. Marshall, 711 F.2d 63, 65 (6th Cir.1983) allows a late notice of appeal alleging excusable neglect or good cause to substitute for a motion for extension of time, appellant's notice of appeal in the instant case did not allege excusable neglect or good cause. No motion for extension of time was filed in the district court during the period provided by Fed.R.App.P. 4(a)(5).
 
 
 4
 Accordingly, it is ORDERED that the appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.