928 F.2d 405
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eunice T. SCOTT, Plaintiff-Appellant,
v.
UNITED STATES GOVERNMENT, Department of Health & Human
Services, Social Security Administration,
Defendants-Appellees,
Department of the Treasury, Internal Revenue Service, Defendant.
 No. 90-6393.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1991.
 
 W.D.Ky, No. 88-00893; Allen, J.
 
 
 1
 W.D.Ky.
 
 
 2
 DISMISSED.
 
 
 3
 Before KRUPANSKY and BOGGS, Circuit Judges, and WOODS, District Judge.*
 
 ORDER
 
 4
 The plaintiff appeals the judgment for defendants in this Social Security benefits case. The defendants now move to dismiss the appeal for lack of jurisdiction. The plaintiff responds in opposition.
 
 
 5
 For purposes of 28 U.S.C. Sec. 1291, the final judgment was entered on August 30, 1990, when the order denying plaintiff's motion to set aside the judgment and for other relief was entered on the district court's docket sheet. The plaintiff filed her notice of appeal on October 30, 1990. Pursuant to the provisions of Rule 4(a)(1) Fed.R.App.P., the plaintiff had sixty (60) days from the entry of judgment, i.e., until October 29, 1990, in which to file her notice of appeal. The notice of appeal filed October 30, 1990, was not within that time period.
 
 
 6
 Compliance with the strict requirements of Rule 4(a)(1) is mandatory and jurisdictional. Peake v. First National Bank & Trust Co., 717 F.2d 1016, 1019 (6th Cir.1983). This means that courts ordinarily reject notices filed only minutes or hours too late. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam).
 
 
 7
 This court is without authority to extend the time for appeal. See Rule 26(b), Fed.R.App.P. An appellant may move the district court for an extension of time in which to appeal upon a showing of excusable neglect or good cause provided that such motion is filed not later than thirty (30) days after the expiration of the time prescribed by Rule 4(a). Rule 4(a), as amended by the 1979 Amendments to the Rules of Appellate Procedure, prohibits consideration of excusable neglect or good cause when an appellant fails to file a timely motion requesting an extension of time. Pryor v. Marshall, 711 F.2d 63, 64-65 (6th Cir.1983).
 
 
 8
 The plaintiff had ninety (90) days from the entry of judgment, i.e., until November 29, 1990, in which to file a motion for an extension of time. A review of the district court docket sheet indicates that the plaintiff filed a request for an extension of time on February 15, 1991. On March 6, 1991, the district court denied plaintiff's request for an extension. Upon review and consideration, the court concludes that the plaintiff's appeal must be dismissed for lack of jurisdiction.
 
 
 9
 It is therefore ORDERED that the defendants' motion to dismiss is granted.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation