RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0048p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

BRANDON YOUNG,

*Plaintiff-Appellant*,

*v.*

No. 20-5027

KATHLEEN KENNEY, Commissioner, et al.,

*Defendants-Appellees*.

---

Appeal from the United States District Court
or the Western District of Kentucky at Paducah.
No. 5:19-cv-00135—Thomas B. Russell, District Judge.

Decided and Filed:  February 19, 2020

Before: MOORE, GILMAN, and ROGERS, Circuit Judges.

---

**OPINION**

---

PER CURIAM.  "Every federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction . . . ." *Alston v. Advanced Brands & Importing Co.*, 494 F.3d 562, 564 (6th Cir. 2007) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998)).  Generally, in a civil case where neither the United States, a United States agency, nor a United States officer or employee is a party, a notice of appeal must be filed within thirty days after the judgment or order from which the party appeals is entered.  28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).  The timing requirements to file a notice of appeal are mandatory jurisdictional prerequisites that generally may not be waived.  *See Bowles v. Russell*, 551 U.S. 205, 214 (2007).

On November 8, 2019, the district court entered its judgment dismissing Brandon Young's prisoner civil-rights complaint.  Absent any authorized extension of time, a notice of appeal from the judgment was due to be filed on or before December 9, 2019.  *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A), 26(a).  Young's notice of appeal, dated December 17, 2019, and filed in the district court on December 30, 2019, is late.  In the notice of appeal, however, Young offers an excuse for his late notice.  He states that he did not see the November 8, 2019 judgment until November 21, 2019, because "he was placed on dry cell protocol" on October 22, 2019.  He states that he was transferred from the Kentucky State Penitentiary to the Kentucky State Reformatory on October 30, 2019 and placed in the prison's psychiatric unit "pending a mental health evaluation and stabilization."  An exhibit attached to the notice of appeal confirms that the transfer occurred on October 30, 2019.  Young states that inmates in the psychiatric unit are not permitted to have property in their possession.

Both 28 U.S.C. §  2107(c) and Federal Rule of Appellate Procedure 4(a)(5) provide for the possibility of an extension of time to file a notice of appeal where the party seeking such an extension files a motion in the district court asking for more time.  *See* § 2107(c); Fed. R. App. P. 4(a)(5); *Martin v. Sullivan*, 876 F.3d 235, 237 (6th Cir. 2017).  "While 'no particular form of words is necessary to render a filing a motion,' a simple notice of appeal does not suffice."  *Poole v. Family Court of New Castle Cty.*, 368 F.3d 263, 268 (3d Cir. 2004) (quoting *Campos v. LeFevre*, 825 F.2d 671, 676 (2d Cir. 1987)).  In *Pryor v. Marshall*, this court refused to allow "[a] late notice of appeal which fails to allege excusable neglect or good cause" from "serv[ing] as a substitute" to a motion under Rule 4(a)(5).  711 F.2d 63, 65 (6th Cir. 1983).  We ruled similarly in *Martin* as to Rule 4(a)(6), explaining that "merely filing a notice of appeal does not amount to a motion for more time to file an appeal."  876 F.3d at 237.  However, district courts must liberally construe a document that could reasonably be interpreted as a motion for an extension of time to file a notice of appeal or a motion to reopen the time to file an appeal.  *See, e.g.*, *Hall v. Tenn. Dep't of Corr. Main Hosp.*, 811 F.2d 605 (6th Cir. 1986) (table).  Here, Young's notice of appeal effectively reads as a motion for an extension of time to file an appeal and will be treated as such.

Accordingly, we **REMAND** this case to the district court for a determination as to whether Young has shown excusable neglect or good cause to warrant an extension of time for filing a notice of appeal. While on limited remand, Young's appeal is held in abeyance. Upon ruling, the district court shall return the case to this court for such further proceedings as may be appropriate.