Michael G. **PERRY**, Plaintiff,

v.

Joseph M. **LARSON**, individually and as Sheriff of Marinette County, and Marinette County, Defendants.

Civ. A. No. 83–C–426.

United States District Court, E.D. Wisconsin.

Dec. 12, 1984.

William C. Griesbach & Ralph Tease, Liebmann, Conway, Olejniczak & Jerry, Green Bay, Wis., for plaintiff.

James A. Hanley, Milwaukee, Wis., for defendant Joseph M. Larson.

Terry L. Campbell, Milwaukee, Wis., for defendant Marinette County.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action under 42 U.S.C. § 1983. Federal jurisdiction is based on 28 U.S.C. § 1343. Presently before the Court are plaintiff's motions *in limine* (1) for the exclusion of an arbitral award for defendant Marinette County, and (2) for an order adopting the doctrine of municipal § 1983 liability adopted in *Williams v. Butler*, 746

F.2d 431 (8th Cir.1984). The former motion is granted, and the latter motion is denied.

Plaintiff Michael G. Perry was employed by the defendant Marinette County as a deputy sheriff until his discharge on September 27, 1982. The defendant Joseph M. Larson is the sheriff of Marinette County. Larson is an elected official and has full authority to hire and fire employees of the Marinette County Sheriff's Department.

In February 1982, plaintiff issued a public statement that he would be a candidate for the office of sheriff of Marinette County on the Republican ticket in the upcoming September primary election. The sheriff's post was held by Larson at the time.

On the night of July 29, 1982, plaintiff was seated in his patrol car, parked behind the municipal building in Coleman, Wisconsin. He was engaged in conversation with one Tim Powers, the local constable. At approximately 11:22 P.M., the sheriff's dispatcher radioed plaintiff that there was a disturbance at Jack's Standard Station in Middle Inlet, Wisconsin. Middle Inlet is approximately seventeen miles from Coleman.

Plaintiff did not leave Coleman immediately, but remained with Powers for a period of time. The length of time is a matter in dispute. The plaintiff ultimately left for Middle Inlet but discontinued his response to the call when a fellow officer, one Earl Wagner, radioed in to say that the situation was normal at the scene of the purported disturbance.

After an initial investigation, Sergeant Richard Lepkowski of the Marinette County Sheriff's Department filed a complaint with defendant Larson, alleging that plaintiff had failed to respond promptly to a radio dispatch. Plaintiff discussed the matter in a meeting with Larson, Lepkowski, and several others. It was determined that plaintiff's version of the events differed from Powers' proffered version, particularly with respect to the length of time between the radio dispatch and plaintiff's departure for Middle Inlet.

On September 27, 1982, approximately two months after the dispatch incident and two weeks after Larson defeated plaintiff in the primary election for sheriff, plaintiff was discharged. The purported grounds for the discharge were that plaintiff had failed to respond promptly to a dispatch, and that plaintiff had falsified a report with respect to that incident.

Plaintiff then filed a grievance under the collective bargaining agreement in effect between Marinette County and the sheriff's department union. The grievance was taken to arbitration. At the hearing, plaintiff was represented by a union staff representative who was not an attorney. The union officers who were called as witnesses testified against him. However, plaintiff was allowed to submit exhibits and to examine and cross-examine the witnesses. The witnesses were sequestered at his instance. Additionally, defendant Larson gave testimony, and was questioned briefly with respect to plaintiff's political opposition to him in the primary election. On May 24, 1983, the arbitrator issued his ruling, in which he found that plaintiff had been discharged for cause.

Plaintiff moves that the arbitrator's decision be excluded. He argues that certain matters pertinent to his theory of political retaliation were not brought to the arbitrator's attention. Defendants argue that it would be highly prejudicial to their "but for" defense for the Court to exclude this evidence. They argue that the arbitral forum provided a high degree of procedural fairness, that the issue of political retaliation was raised before the arbitrator, and that the arbitrator was an experienced individual well qualified to entertain the issues involved in the proceeding.

Under *McDonald v. City of West Branch,* — U.S. ——, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984), an arbitral decision preceding § 1983 litigation on the same cause of action is not given preclusive effect, but may be received in evidence and accorded such weight as the factfinder thinks it deserves. The decision to receive the decision is committed to the district court's discre-

tion. Among the factors to be considered in determining the weight to be given the decision are: (1) whether the collective bargaining agreement contains provisions that conform substantially to the provisions of federal civil rights legislation; (2) the degree of procedural fairness in the arbitral forum; (3) whether an adequate record with respect to the issue of discrimination was developed in the arbitral forum; and (4) the special competence of the arbitrator. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 40 n. 21, 94 S.Ct. 1011, 1015 n. 21, 39 L.Ed.2d 147 (1974).

■ In the present case, plaintiff alleges that shortly after he announced his candidacy, Larson stated to a third person that he intended to terminate plaintiff's employment at the first opportunity because plaintiff had challenged him. Plaintiff further alleges that in May 1982, Larson suspended him for five days without a hearing for purportedly failing to return promptly a proof of service card. He further alleges that while the dispatch incident was being investigated, he was contacted by a member of the Marinette County Law Enforcement Committee and told that if he withdrew from the sheriff's race, both the five-day suspension and the pending charge would be dropped and his record cleared, and that the county corporation counsel had approved this offer. While plaintiff discussed the foregoing alleged occurrences with his union representative prior to the arbitration hearing, the representative did not bring them before the arbitrator at the hearing.

Moreover, while the arbitrator was informed, through the examination of Larson, that plaintiff and Larson were political opponents, this fact arose in the context of Larson's justification for the two-month delay between the dispatch incident and the discharge. Generally, the political retaliation issue at best received only cursory treatment at the hearing.

The Court has reviewed the transcript of the arbitration hearing and finds that the record developed there is seriously deficient with respect to plaintiff's First Amendment claim. The question for the arbitrator was whether there was cause for the dismissal under the collective bargaining agreement. In the present action, a jury will be asked to determine whether the proffered justifications were a mere pretext for unconstitutional political retaliation, and if plaintiff comes forth with evidence to support the several allegations that were not brought before the arbitrator, the record before the jury will differ substantially from the record before the arbitrator. Indeed, the probative value of evidence of an arbitral finding of cause would be minimal, while there would be an attendant risk of confusing the jury if that evidence were received. I conclude that the arbitrator's decision in this matter must be excluded.

■ However, the testimony of the witnesses at the arbitration hearing is admissible for such purposes as are contemplated by the Federal Rules of Evidence. The witnesses were under oath, and thus the parties should be permitted to make proper use of it here.

An amendment to the complaint raises the issue of Marinette County's liability. Plaintiff has been granted leave to plead a claim under Wis.Stat. § 895.46, which would require Marinette County to indemnify Larson if a judgment were entered against him. He has also been granted leave to include a prayer for loss of future income and re-education expenses in the event reinstatement is not an available remedy. Plaintiff sought these amendments after learning of this Court's ruling in *Conner v. City of Green Bay*, No. 83–C–414 (E.D.Wis. Nov. 6, 1984) (order granting motion for directed verdict), in which the Court ruled that the plaintiff had failed as a matter of law to prove that her dismissal was ordered pursuant to a local custom or practice. At the pretrial conference in the present action, plaintiff advised the Court of authorities that would have militated in favor of a contrary ruling in *Conner*, and requested that the Court consider these authorities in the context of the present

action. The Court treats this request as a motion *in limine.*

The parties agree that under *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), municipal governments can be sued under 42 U.S.C. § 1983 for action that implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. The parties also agree that a municipal government may not be held liable for the torts of its officers and employees under the doctrine of *respondeat superior,* but that it can only be liable where the injury is inflicted by a policy or custom, whether the policy or custom be codified or made "by those whose edicts or acts may fairly be said to represent official policy." *Id.* at 694. The parties dispute the meaning of the quoted language.

In plaintiff's view, a single unlawful discharge may support an action against a local government if it is ordered by a person whose acts, pursuant to local policy, represent the local government's final decision. For this proposition, plaintiff relies on *Williams v. Butler,* 746 F.2d 431 (8th Cir.1984). That case held that (1) if, according to a policy or custom established by a governing body, an official is delegated the authority, either directly or indirectly, to act on behalf of a governing body; and (2) if a decision made within the scope of the official's authority ends the matter, then the acts of the official may fairly be said to be those of the local governing body. Plaintiff thus argues that he is relieved of having to show that Marinette County had a custom or practice of terminating employees who politically challenged their superiors, and that he need only show that pursuant to local policy, Larson was authorized to make personnel decisions, that his decision to fire plaintiff was within the scope of his authority, and that his decision was final.

■ While *Monell* has been interpreted in a similar fashion elsewhere, *see, e.g., Rookard v. Health & Hospitals Corp.,* 710 F.2d 41, 45 (2d Cir.1983); *Bower v. Wat-*

*kins,* 669 F.2d 979, 989–990 (5th Cir.1982), it has been interpreted more strictly in this circuit. Quite recently, the Seventh Circuit held that while there must exist at some level an official whose acts represent governmental policy, a custom, policy, or practice of a local government may not be inferred from a single incident of unconstitutional behavior by a local official. *Bell v. City of Milwaukee,* 746 F.2d 1205 (7th Cir. 1984). In this circuit, then, the focus is not upon whether there exists a policy of delegating final authority to local officials who may then exercise that authority in a manner that occasionally reaps an unlawful result. Rather, the focus is on whether the act or decision alleged to be unlawful in a particular case is part of a pattern of activity that can be characterized as a policy or custom. Plaintiff's request that the Court follow the more lenient approach taken elsewhere is denied.

IT IS THEREFORE ORDERED that plaintiff's motion *in limine* respecting evidence of the arbitral proceedings is granted with respect to the arbitrator's decision.

IT IS FURTHER ORDERED that plaintiff's motion *in limine* respecting the applicability of *Williams v. Butler* is denied.