**Patrick J. DONLIN, Plaintiff-Appellant,**

**v.**

**Dennis WATKINS, Defendant-Appellee.**

**No. 85–3526.**

United States Court of Appeals, Sixth Circuit.

Argued Jan. 20, 1987.

Decided March 18, 1987.

Rehearing Denied April 29, 1987.

274

Matthew A. Pentz, Warren, Ohio, for plaintiff-appellant.

Charles L. Richards, argued, Richards, Ambrosy, & Fredericka, Warren, Ohio, for defendant-appellee.

Before KEITH, KRUPANSKY and GUY, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

Plaintiff Patrick Donlin appeals the entry of summary judgment in favor of defendant in this civil rights case. Plaintiff alleged that he was deprived of his constitutional rights when his employment as an assistant county prosecutor was terminated after he filed petitions to run for the position of county prosecutor. Plaintiff now seeks reversal of the entry of summary judgment and appeals as well from the denial of a motion to vacate the judgment under Fed.R.Civ.P. 60(b). We affirm.

Plaintiff was admitted to the bar in the State of Ohio in 1971. In August of that year he was appointed an assistant county prosecutor in Trumbull County, Ohio, by county prosecutor J. Walter Dragelevich. Mr. Dragelevich resigned that office on January 1, 1984. Both plaintiff and defendant, also an assistant county prosecutor, sought the nomination of the Democratic Central Committee for appointment as interim county prosecutor. Defendant, however, was nominated and, on February 7, 1984, appointed to fill the vacancy caused by Mr. Dragelevich's resignation.

The position of county prosecutor was to be filled by the vote of the people in the 1984 general election. In February, 1984, both plaintiff and defendant filed petitions to run for that position in the May 8, 1984, Democratic primary election. They were

the only contenders on the Democratic primary ballot for county prosecutor. Upon learning that plaintiff filed as a candidate in the May primary, defendant called plaintiff into his office and asked for his resignation. When plaintiff refused to resign, defendant terminated his employment as an assistant county prosecutor effective February 29, 1984. Defendant later won the primary and general elections.

In his complaint, plaintiff claims that his first amendment right to freedom of speech was abridged by defendant's conduct as well as his due process and equal protection rights guaranteed by the fourteenth amendment. In his motion for summary judgment, defendant argued that the undisputed facts did not establish a claim for relief under any of these theories.

After the filing of defendant's motion, plaintiff sought an extension of time to respond. The trial court granted the requested extension. Nevertheless, plaintiff failed to file a brief in opposition to defendant's motion or to seek a further extension of time in which to file.

In granting defendant's motion for summary judgment, the trial court carefully analyzed each of plaintiff's claims. As to plaintiff's claim that he was deprived of a protected property right without due process of law, the court held that plaintiff had no property interest in his employment since the position of assistant county prosecutor is in the unclassified civil service under Ohio law. Accordingly, persons holding that position can be summarily removed by the appointing authority. Ohio Rev.Code § 124.11(A)(11). Because plaintiff served at the pleasure of the appointing authority, he held no claim of entitlement to his employment. The court also found that plaintiff had no protected right to be a candidate for a state political office. *Snowden v. Hughes*, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944).

In addition, the trial judge noted that plaintiff could not establish denial of a protected liberty interest on the facts alleged. There was no allegation that plaintiff was "stigmatized" or that he otherwise suffered reputational injury affecting the acquisition of other employment. *Paul v. Davis*, 424 U.S. 693, 701–702, 96 S.Ct. 1155, 1160–1161, 47 L.Ed.2d 405 (1976). As no property or liberty interest existed, the court dismissed plaintiff's due process claims.

The court also dismissed plaintiff's claim that he was deprived of equal protection of the laws. The court noted that the complaint failed to assert that plaintiff was a member of a protected class or that rules were not applied neutrally, or to advance any theory in support of his claim.

The judge then addressed plaintiff's first amendment claim; that is, the claim that an impermissible burden was placed on the exercise of plaintiff's first amendment rights in being terminated from his job for running for office. The court analyzed this claim under the Supreme Court's reasoning set forth in *Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983):

> For at least 15 years, it has been settled that a State cannot condition public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression. Our task as we defined it in *Pickering*, is to seek "a balance between the interests of the [employee] as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public service it performs through its employees."

*Id.* at 142, 103 S.Ct. at 1687 (quoting *Pickering v. Board of Education*, 391 U.S. 563, 568, 88 S.Ct. 1731, 1734–1735, 20 L.Ed.2d 811 (1968)).

In balancing the interests at stake here, the trial court found the scales weighted in favor of the employer:

> Plaintiff was employed at the pleasure of the county prosecutor in a situation naturally giving rise to a close working relationship. In conducting the responsibilities of this public office while running as opponents in a political campaign for that same office, the public duties would naturally suffer or be subject to constant conflicts of interest.

In so ruling, the court relied in part on the unopposed affidavit of the defendant, which set forth his belief that plaintiff's continued employment would have created serious problems, including friction among staff members, morale problems, and possible security problems in that plaintiff had access to sensitive, confidential, and privileged information and could have been motivated to release such information in an effort to defeat defendant. The affidavit also indicated that plaintiff had previously made public statements disagreeing with defendant's policies, including defendant's use of the grand jury. The trial court found that these potential disruptions would seriously negate efficient operations of the prosecutor's interests and those of the State. In reaching its holding, the court again relied on *Connick:*

> When close working relationships are essential to fulfilling public responsibilities, a wide degree of deference to the employer's judgment is appropriate. Furthermore, we do not see the necessity for an employer to allow events to unfold to the extent that the disruption of the office and the destruction of working relationships is manifest before taking action.

461 U.S. at 151–152, 103 S.Ct. at 1692–1693. Accordingly, the court held that the interests of the employer overrode plaintiff's first amendment rights to whatever extent they existed under these circumstances, and therefore dismissed plaintiff's § 1983 claim.

On appeal, plaintiff secured new counsel who filed a timely notice of appeal from the order entering summary judgment. Plaintiff then filed a motion to vacate the order under Fed.R.Civ.P. 60(b) on the grounds of oversight, inadvertence, mistake, or excusable neglect of plaintiff's counsel, seeking to set aside the judgment and file a brief in opposition to defendant's motion for summary judgment.

The trial court denied plaintiff's Rule 60(b) motion on July 30, 1985. On October 21, 1985, plaintiff filed a "Motion to Amend Timely Filed Notice of Appeal," seeking to amend the first notice of appeal to reflect the fact that plaintiff now wanted to appeal the denial of his Rule 60(b) motion. The trial court denied the motion on October 22, but later reconsidered and granted the motion to amend the notice of appeal on November 5, 1985. Plaintiff now seeks to appeal both the order entering summary judgment in defendant's favor and the denial of his motion to vacate under Rule 60(b).

We note initially that we are without jurisdiction to review the trial court's denial of plaintiff's motion to vacate due to plaintiff's failure to file a timely notice of appeal from that order. While plaintiff's "Amended Notice of Appeal" could conceivably have been construed simply as a notice of appeal from the denial of Rule 60(b) relief, because it was untimely we are unable to make such an accommodation.

Fed.R.App. 4(a)(1) requires that a notice of appeal be filed within 30 days from the date of entry of judgment. The order denying plaintiff's motion to vacate was entered on July 30, 1985. In order to be timely, a notice of appeal would have to have been filed by August 29, 1985; however, no such notice was filed.[1]

We are aware of no authority which would permit the district court to allow an amendment of a notice of appeal to add a claim. Cf. *United States v. Calandra,* 455 F.2d 750 (6th Cir.1972), *rev'd on other grounds,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974) (amendment permitted to correct technical error). Certainly we see no reason to permit such amendment in the instant case, where to do so would thwart the purposes of Fed.R.App.P. 4(a)(5) requiring timely notice of appeal. Accordingly, we have no jurisdiction to review the trial court's denial of plaintiff's motion to vacate the judgment.

1. The district court may, of course, extend the time for filing a notice of appeal under Fed.R. App.P. 4(a)(5). But a motion to extend the time for filing a notice of appeal must be filed within 30 days of the time prescribed for filing of the notice. Thus, plaintiff's motion to amend notice of appeal could not be construed as a motion for an extension of time to file notice of appeal because it was filed more than 60 days after entry of the order.

■ We turn now to the merits of plaintiff's claim. Plaintiff asserts that it was error for the district court to enter summary judgment because plaintiff's counsel failed to file a brief in opposition to defendant's motion. Plaintiff asserts that the trial court should have first notified plaintiff personally of his counsel's failure to file a response, and that entry of summary judgment under these circumstances amounts to a default judgment.

We disagree. Rather than amounting to the entry of default, the trial court carefully and correctly analyzed each of plaintiff's claims in concluding that, on the law, plaintiff's case should be dismissed. In other words, the trial court determined that there were no genuinely disputed issues of material fact, and that defendant was entitled to judgment as a matter of law.

■ The only portion of the trial court's opinion which is dependent upon a factual setting is the court's holding that the potential disruption of the prosecutor's office and the interests of the employer in avoiding such problems outweighed plaintiff's first amendment rights. In so ruling, the court relied upon defendant's affidavit. Nevertheless, plaintiff has failed to allege on appeal that these factual matters are disputed. Neither has plaintiff argued that a close working relationship is not essential to the performance of his duties, nor that plaintiff and defendant's working relationship would not have caused problems among the staff. In short, plaintiff has again made no showing that there were genuinely disputed fact issues precluding the entry of summary judgment. In the absence of showing that the outcome would be any different, we decline to reverse the entry of summary judgment.

The judgment of the court below is, accordingly, AFFIRMED.