859 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patricia BRANSCUM, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-5527.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1988.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of plaintiff's response to this Court's June 13, 1988 order directing the plaintiff to show cause why this appeal should not be dismissed for lack of jurisdiction.
 
 
 2
 On March 10, 1988, the district court entered an order affirming the Secretary's denial of Social Security disability insurance benefits. The plaintiff filed a notice of appeal with the district court on May 10, 1988, sixty-one (61) days after entry of judgment. The plaintiff asserts in her response that the notice of appeal was timely filed pursuant to Fed.R.App.P. 1(a) and Fed.R.Civ.P. 6(e). The Secretary has filed a reply urging dismissal of this appeal for lack of jurisdiction.
 
 
 3
 Fed.R.App.P. 4(a)(1) provides that in cases where an agency of the United States is a party, a notice of appeal must be filed within sixty (60) days from the entry of judgment or order appealed from. Timely filing of a notice of appeal is a mandatory and jurisdictional prerequisite which this Court can neither waive nor extend. Browder v. Director, Dep't of Corrections of Illinois, 434 U.S. 257, 264 (1978); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir.1983). The appellant may move the district court for an extension of time in which to appeal upon a showing of excusable neglect pursuant to Rule 4(a)(5), Fed.R.App.P., provided that such motion is made within the sixty (60) day appeal period set forth under Rule 4(a)(1). Donlin v. Watkins, 814 F.2d 273, 276 n. 1 (6th Cir.1987); Kennedy v. City of Cleveland, 797 F.2d 297, 301 (6th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1334 (1987). In the present case, however, such an extension of time was neither sought nor granted.
 
 
 4
 The plaintiff argues in her response that the notice of appeal was timely filed pursuant to Rule 1(a), Fed.R.App.P., and Rule 6(e), Fed.R.Civ.P. Neither rule entitles an appellant to additional time in which to appeal. Rule 1(a) sets forth the scope of the Federal Rules of Appellate Procedure. Rule 6(e) provides for a three day extension of time in which a party has to act after service of a document by mail. The appeal time begins to run from entry of judgment, not from service of the judgment on the parties, Rule 4(a)(1), Fed.R.App.P., and Rule 6(e) does not extend the time for filing a notice of appeal. Sofarelli Associates, Inc. v. United States, 716 F.2d 1395 (Fed.Cir.1983); Merrill, Lynch, Pierce, Fenner & Smith v. Kurtenbach, 525 F.2d 1179, 1181 (8th Cir.1975), Lashley v. Ford Motor Co., 518 F.2d 749 (5th Cir.1975) (per curiam); 2 J. MOORE, MOORE'S FEDERAL PRACTICE p 6.12 (2d ed. 1988). Finding the notice of appeal not timely filed,
 
 
 5
 It is ORDERED that the show cause order entered June 13, 1988 is hereby discharged and this appeal is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.