872 F.2d 1024
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Floyd CUMMINS, Petitioner-Appellant,
v.
Gary H. WELLS, Supt., Respondent-Appellee.
 No. 89-1120.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1989.
 
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of appellant's response to this court's order of February 16, 1989, directing him to show cause as to why his appeal should not be dismissed for lack of jurisdiction. In his response appellant concedes that his notice of appeal was late, but submits a copy of a motion for an enlargement of time to take that action which he filed in the district court.
 
 
 2
 Review of the record indicates that a final judgment was entered on December 20, 1988. Appellant, however, did not file a notice of appeal until January 23, 1989. Accordingly, the notice of appeal was 4 days late. Fed.R.App.P. 4(a) and 26(a). On March 6, 1989, appellant filed a motion for an extension of time to file a notice of appeal which the district court granted on March 13, 1989.
 
 
 3
 An appellant's failure to file a timely notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory, jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court can not enlarge the time for filing a notice of appeal. Furthermore, the district court's order of March 13, 1989, which granted appellant's motion for an extension, of time is ineffective to provide this court with jurisdiction. Appellant did not seek that relief from the district court within the time limits provided in Fed.R.App.P. 4(a)(5). Malone v. Avenenti, 850 F.2d 569, 571-72 (9th Cir.1988); Donlin v. Watkins, 814 F.2d 273, 276 n. 1 (6th Cir.1977).
 
 
 4
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.