872 F.2d 1029
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eric D. STONER, Petitioner-Appellant,
v.
Al PARKE, Respondent-Appellee.
 No. 89-5263.
 United States Court of Appeals, Sixth Circuit.
 April 26, 1989.
 
 1
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and GEORGE E. WOODS, District Judge*.
 
 ORDER
 
 2
 This appeal has been referred to a panel of the court for consideration of appellee's motion to dismiss due to lack of jurisdiction. Appellant has filed a response.
 
 
 3
 Examination of the record discloses that appellant filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in the District Court for the Western District of Kentucky. On the basis of a magistrate's report and recommendation, the district court determined that appellant's request for habeas relief was a successive petition and ordered its dismissal in a judgment entered on June 22, 1988. Appellant, however, did not file a notice of appeal until March 1, 1989.
 
 
 4
 This court lacks jurisdiction over the appeal. Fed.R.App.P. 4(a)(1) provides that a notice of appeal must be filed within 30 days of the district court's entry of a final judgment. Compliance with that rule is a mandatory, jurisdictional requirement which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifies that this court can not enlarge the time for filing a notice of appeal. As the district court entered its final judgment dismissing the petition for a writ of habeas corpus on June 22, 1988, appellant's filing of a notice of appeal on March 1, 1989, was 252 days late.
 
 
 5
 In his response to appellee's motion to dismiss, appellant concedes that the notice of appeal was untimely, but argues that the jurisdictional defect should be excused because he did not receive a copy of the district court's judgment until February 23, 1989. Moreover, appellant asserts that subsequent to his receipt of a copy of the final judgment, he promptly filed a notice of appeal in the district court. As that document was captioned as a "belated" notice of appeal, appellant argues that its acceptance by the district court for filing constituted a waiver of the jurisdictional defect.
 
 
 6
 Neither of those arguments suffices to provide this court with jurisdiction. Under Fed.R.Civ.P. 77(d), the time for filing a notice of appeal begins to run upon the entry of the final judgment, not upon its receipt by appellant. Hence, this court is without authority to excuse appellant's failure to file a timely notice of appeal on the basis on any delay in his receipt of a copy of the final judgment. Peake, 717 F.2d at 1018; Fed.R.App.P. 26(b). Moreover, the fact that the district court accepted appellant's "belated" notice of appeal for filing does not constitute a waiver of the jurisdictional defect. Fed.R.App.P. 4(a)(5) sets forth the only circumstances in which the district court may enlarge the time for filing a notice of appeal. Donlin v. Watkins, 814 F.2d 273, 276 n. 1 (6th Cir.1987); Pryor v. Marshall, 711 F.2d 63, 64-65 (6th Cir.1983).
 
 
 7
 Accordingly, it is ORDERED that the motion to dismiss be granted and the appeal be and hereby is dismissed. Rule 8(a)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation