Charles E. HAYES, Sr.; Mic Shel Motors, Inc.; Hayes and Son Body Shop, Inc., Plaintiffs–Appellants,

v.

ALLSTATE INSURANCE COMPANY, INC., Defendant–Appellee.

No. 00–6257.

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2001.

Before BOGGS and MOORE, Circuit Judges; BELL, District Judge.*

The plaintiffs filed this civil action alleging the defendant engaged in racial discrimination by omitting most African–American owned businesses from its list of favored body shops in Shelby County, Tennessee. In an order of May 9, 2000, the district court dismissed the action for failure of the plaintiffs to state a cause of action. A judgment embodying that dismissal was entered on May 18, 2000. The plaintiffs filed a motion, under Rules 59 and 60, Fed.R.Civ.P., to set that judgment aside, but that motion was denied in an order entered on July 31, 2000. The plaintiffs filed a notice of appeal on August 31, 2000.

Because the notice of appeal was filed one day beyond the thirty-day limit found in Rule 4(a)(1)(A), Fed. R.App. P., for filing a notice of appeal in a civil action, the clerk of this court entered an order on October 2, 2000, directing the plaintiffs to show cause why their appeal should not be dismissed for lack of appellate jurisdiction. Citing the same tardiness, the defendant filed a motion to dismiss the appeal.

The plaintiffs returned to the district court where they filed, on October 19, 2000, a motion to extend the time to file a notice of appeal under Rule 4(a)(5), Fed. R.App. P. The reason given for the plaintiffs' failure to file a timely notice of appeal was the assertion that counsel mistook a month for thirty days in computing the time to file a notice of appeal. The district

* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

court granted the motion in an order of October 23, 2000, extending the time to file the notice of appeal from August 30, 2000, to August 31, 2000. The defendants moved for reconsideration, arguing that the district court had no authority to extend the time to file the notice of appeal because the motion for an extension had not been filed within sixty days of the entry of final judgment. Finding that defendant had not been prejudiced by the extension and that no basis existed to alter the court's ruling, the district court denied reconsideration on November 28, 2000.

In response to the clerk's show cause order, the plaintiffs assert that the untimeliness of their notice of appeal has been cured by the district court's order granting an extension of time. The defendant, however, continues to argue that the district court had no authority to grant an extension of time and that this court, as a result, has no jurisdiction over the plaintiffs' appeal.

██ Under Rule 4(a), Fed. R.App. P., a notice of appeal in a civil action must be filed within thirty (30) days of the entry of the judgment being appealed or the entry of a post-judgment time-tolling motion. Compliance with the time limits of that rule is mandatory and jurisdictional. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988); *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir.1994). In this case, the final judgment for purposes of appeal was entered on July 31, 2000. The plaintiffs thus had until Wednesday, August 30, 2000, in which to file a notice of appeal. The notice of appeal served and filed on Thursday, August 31, 2000, was one day late.

██ Rule 4(a)(5)(A) permits the district court to grant an extension of up to thirty additional days in which to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and "that party shows excusable neglect or good cause." This time limit is strictly enforced, and any motion filed after that date would be late. *Beard v. Carrollton Railroad*, 893 F.2d 117, 120 (6th Cir.1989) (motion for extension of time filed 64 days after entry of judgment "simply came too late.") *See also Donlin v. Watkins*, 814 F.2d 273, 276 n. 1 (6th Cir.1987) (motion to amend notice of appeal could not be construed as a motion for an extension because it was filed more than sixty days after entry of final order); *Pryor v. Marshall*, 711 F.2d 63, 64–65 (6th Cir.1983) (Rule 4(a) "prohibits consideration of excusable neglect or good cause where an appellant fails to file a timely motion requesting an extension of time). In turn, a district court is without authority to grant an untimely filed motion for extension and an order granting an extension under such circumstances is without effect to impart appellate jurisdiction to this court. *Beard*, 893 F.2d at 120.

██ In this case, the plaintiffs had until Friday, September 29, 2000, in which to file a motion to extend the time for filing their notice of appeal. The motion filed on October 19, 2000, was nearly three weeks beyond that time limit. As a result, the district court was without authority to grant the requested extension of time and this court lacks jurisdiction over this appeal.**

** Because of our dismissal of this appeal on the above ground, we do not need to address the other issues raised by the defendant in its motion to dismiss. We note, however, that the district court should have provided the defendant an opportunity to respond to the motion for an extension. *See* Rule 4(a)(5)(B), Fed. R.App. P.; *Baker v. Raulie*, 879 F.2d

It therefore is ORDERED that the defendant's motion to dismiss is granted.

1396, 1399 (6th Cir.1989) (per curiam). We also observe that this court's past decisions suggest that an attorney's miscalculation as to the time to file a notice of appeal generally does not rise to excusable neglect under Rule 4(a)(5). *See, e.g., Barnes v. Cavazos,* 966 F.2d 1056, 1060–62 (6th Cir.1992) (per curiam); *Marsh v. Richardson,* 873 F.2d 129, 130–31 (6th Cir.1989).